IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN J. WALSH, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. |
| | : | |
| HARDIKKUMAR PATEL, | : | |
| ROBERT WINKEL, | : | |
| OFFICER LUPINETTI (BADGE 228), | : | |
| BRIAN J. ZECK, | : | |
| TOWNSHIP OF MULLICA, | : | |
| TOWNSHIP OF GALLOWAY, | : | |
| JOHN DOE NOS. 1-10 (Fictitious Names), | : | |
| ABC CORP. NOS. 1-10 (Fictitious Names), | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT WITH JURY DEMAND

### Introduction

This is a civil rights action filed by Plaintiff John J. Walsh, Jr. against Defendants Hardikkumar Patel, Robert Winkel, Officer Lupinetti (Badge 228), Brian J. Zeck, Township of Mullica, Township of Galloway, John Doe Nos. 1-10 (Fictitious Names), and ABC Corp. Nos. 1-10 (Fictitious Names), seeking damages under 42 U.S.C. § 1983 for unreasonable use of force, unlawful search and seizure, and municipal liability in violation of Mr. Walsh's rights as guaranteed by the Fourth Amendment to the United States Constitution, as well as state law liability for negligence, assault and battery, negligent and intentional infliction of emotional distress, and willful misconduct in connection with the subject incident and series of events.

## Jurisdiction

1.   This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## Venue

2.   A substantial part of the events and omissions giving rise to the claims set forth herein occurred in the Township of Mullica, Atlantic County, New Jersey. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the District of New Jersey.

## Parties

3.   Plaintiff John J. Walsh, Jr. (hereinafter referred to as "Mr. Walsh") is an adult individual, a citizen of the United States, and resident of the State of New Jersey, domiciled in the Township of Mullica, Atlantic County, New Jersey.

4.   Defendant Hardikkumar Patel (hereinafter referred to as "Officer Patel") is an adult individual and resident of the State of New Jersey who at all times relevant and material hereto was an agent and employee of the Township of Mullica and the Mullica Township Police Department, assigned to and working as a law enforcement officer within the Mullica Township Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

5.   Defendant Robert Winkel (hereinafter referred to as "Officer Winkel") is an adult individual and resident of the State of New Jersey who at all times relevant and material hereto was an agent and employee of the Township of Mullica and the Mullica Township Police

Department, assigned to and working as a law enforcement officer within the Mullica Township Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

6. Defendant Officer Lupinetti (Badge 228) (hereinafter referred to as "Officer Lupinetti") is an adult individual and resident of the State of New Jersey who at all times relevant and material hereto was an agent and employee of the Township of Mullica and the Mullica Township Police Department, assigned to and working as a law enforcement officer within the Mullica Township Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

7. Defendant Brian J. Zeck (hereinafter referred to as "Chief Zeck") is an adult individual and resident of the State of New Jersey who at all times relevant and material hereto was the Chief of Police of the Mullica Township Police Department as well as an agent and employee of the Township of Mullica and the Mullica Township Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

8. Upon information and belief, at all times relevant and material hereto, Defendant Chief Zeck oversaw and supervised the training, work, discipline, and retention of police officers in the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, and Officer Lupinetti.

9.   Upon information and belief, at all times relevant and material hereto, Defendant Chief Zeck developed, formulated, implemented, instituted, maintained, and enforced the policies, practices, directives, procedures, and customs of the Mullica Township Police Department as they applied to police officers within the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, and Officer Lupinetti, and, as such, was responsible for training, supervising, and disciplining said individuals, for making sure sufficient and appropriate policies, practices, directives, procedures, and customs were formulated, implemented, and trained, and for making sure said policies, practices, directives, procedures, and customs were followed.

10.   Defendant Township of Mullica is a township in Atlantic County, New Jersey, governed by a five-member township committee.

11.   The Mullica Township Police Department is a department or agency of Defendant Township of Mullica, with Chief of Police being its chief executive position.

12.   At all times relevant and material hereto, Defendant Township of Mullica was the principal and employer of all individuals working as chiefs, supervisors, and officers of the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, Officer Lupinetti, and Chief Zeck.

13.   Defendant Township of Galloway is a township in Atlantic County, New Jersey, governed by the council-manager form of municipal government with a governing body comprised of a seven-member township council.

14.   The Communications Unit of the Galloway Township Police Department is a unit, department, or agency of Defendant Township of Galloway.

4

15.   At all times relevant and material hereto, Defendant Township of Galloway was the principal and employer of all individuals working as supervisors, officers, dispatchers, operators, and public safety telecommunicators in the Communications Unit of the Galloway Township Police Department.

16.   Defendants John Doe Nos. 1-10 are fictitious names used to designate as-of-yet unknown or unidentified individuals who are supervisors, officers, personnel, employees, dispatchers, operators, public safety telecommunicators, policymakers, and/or agents of the Township of Mullica, the Mullica Township Police Department, the Township of Galloway, and/or the Communications Unit of the Galloway Township Police Department who participated in, committed, caused, and or failed to intervene with regard to the acts and omissions and wrongful conduct and harms to Mr. Walsh alleged herein.

17.   Defendants ABC Corp. Nos. 1-10 are fictitious names used to designate as-of-yet unknown or unidentified corporations and/or entities who acted and/or failed to act through their respective principals, supervisors, personnel, employees, policymakers, and/or agents with regard to acts and omissions and the wrongful conduct and harms to Mr. Walsh alleged herein.

18.   At all times relevant hereto, Defendants were acting in concert and conspiracy and their actions deprived Mr. Walsh of his constitutional, statutory, and common law rights.

**Factual Background**

19.   On June 4, 2020 at approximately 11:30 p.m., Mr. Walsh was at his home located at 500 4th Avenue, Mullica Township, NJ when his wife and two adult children found him outside, unconscious, and assumed he had been struck by lightning.

20.  Mr. Walsh's daughter Julianna immediately called 911 and the call was routed to the Communications Unit of the Galloway Township Police Department.

21.  Julianna stated to the 911 operator/public safety telecommunicator that her father had been struck by lightning and she asked that help be sent to the home.

22.  Moments later, Mr. Walsh regained consciousness and Julianna again called 911. Once again, the call was routed to the Communications Unit of the Galloway Township Police Department.

23.  In that second 911 call, Julianna stated to the operator/public safety telecommunicator that her father had regained consciousness, he was breathing and talking, and that everything was fine,

24.  In that second 911 call, Julianna also told the operator/public safety telecommunicator that her mother was a nurse and was with Mr. Walsh, and that she would call back if they needed help.

25.  On information and belief, it is alleged that the Communications Unit of the Galloway Township Police Department and/or the aforesaid operator/public safety telecommunicator failed to properly or sufficiently convey to law enforcement personnel the information provided by Julianna during the second 911 call that she was cancelling her initial 911 call for medical assistance.

26.  Shortly thereafter, at approximately 11:50 p.m., Defendants Officer Patel, Officer Winkel, and Officer Lupinetti arrived at Mr. Walsh's aforesaid home and walked to the front door where they were met by Julianna and Mr. Walsh's wife Lori Walsh (hereinafter referred to as "Mrs. Walsh").

27.  While standing on the front porch of her home, Mrs. Walsh told Defendants Officer Patel, Officer Winkel, and Officer Lupinetti they were not needed and asked them to leave the premises.

28.  The three aforesaid police officers remained on the front porch, refused to leave as requested, and demanded to see Mr. Walsh.

29.  Mr. Walsh came to the doorway and repeated his wife's request that the police officers leave the premises.

30.  The three aforesaid police officers remained on the front porch with at least one of them opening the front door and entering the home despite the absence of a warrant, consent, exigent circumstances, or other lawful basis.

31.  The three aforesaid police officers continued their refusal to leave the premises as requested by Mr. and Mrs. Walsh and instead initiated physical contact with Mr. Walsh, forcefully grabbing, assaulting, and battering him, taking him to the ground, and arresting him while using unreasonable and excessive force, and inflicting upon him bodily injuries and other damages.

32.  During the aforesaid police encounter and subsequent interactions with law enforcement personnel that night and into the next day, Mr. Walsh was suffering from the effects of an acute closed head injury and concussion and thus had an impaired ability to act purposefully and knowingly.

33.  In connection with the aforesaid incident, Defendants Officer Patel, Officer Winkel, and Officer Lupinetti initiated and prosecuted criminal proceedings against Mr. Walsh for allegedly committing acts of obstructing the administration of law or other government function

[N.J.S. 2C:29-1A], resisting arrest [N.J.S. 2C:29-2A(3)(A)], aggravated assault on a law enforcement officer [N.J.S. 2C:12-1B(5)(A), two counts], bias intimidation [N.J.S. 2C:16-1A], and terroristic threats [N.J.S. 2C:12-3A, two counts].

34. Mr. Walsh entered a plea of not guilty to each of the aforesaid criminal charges; the charges remain pending.

35.  Mr. Walsh did not commit any offense nor engage in any conduct justifying the aforesaid actions of Defendants Officer Patel, Officer Winkel, and Officer Lupinetti with regard to the use of force against him, the nature or extent of the force used against him, his arrest, or the prosecution against him.

36.  As a direct and proximate result of the aforesaid incident and Defendants' aforesaid and below-described acts and omissions, Mr. Walsh has sustained the following harms, losses, and damages:

(a)  Violations of his right under the Fourth Amendment to the United States Constitution to be secure in his person from an unreasonable or excessive use of force;

(b)  Violations of his rights under the Fourth Amendment to the United States Constitution to be secure in his person from an unlawful search and seizure;

(c) Physical injuries requiring medical attention and other health care;

(d) Pain, suffering, fear, anxiety, embarrassment, humiliation, emotional trauma, and post-traumatic stress, some or all of which may be permanent;

(e)  Medical and healthcare expenses;

(f) Confinement and loss of liberty;

(g) The loss of his job;

(h) Past and future lost wages and earnings;

(i) Lost earning capacity.

37.   All Defendants acted in concert and conspiracy and are jointly and severally responsible for all injuries, damages, and harms directly and proximately caused to Mr. Walsh.

**FIRST CLAIM FOR RELIEF**
**JOHN J. WALSH, JR. v. HARDIKKUMAR PATEL**

38.   Mr. Walsh incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

39.   Defendant Officer Patel, acting as aforesaid, deprived Mr. Walsh of his right to be secure in his home and person from an unlawful search and seizure and his right to be secure in his person from an unreasonable use of force, and thus violated Mr. Walsh's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

40.   Specifically, Defendant Officer Patel engaged in the following unlawful conduct:

(a) Initiating, engaging in, and/or acquiescing in a warrantless and unlawful entry into Mr. Walsh's home, in violation of clearly-established law and in the absence of extraordinary circumstances;

(b) Seizing and arresting Mr. Walsh in the absence of probable cause, in violation of clearly-established law;

(c) Seizing and arresting Mr. Walsh in a negligent, forceful, reckless, willful, and wanton manner, in violation of clearly-established law;

(d) Using unreasonable force upon Mr. Walsh;

(e) Knowingly acquiescing in and/or failing to intervene in the unlawful seizing and arrest of Mr. Walsh, despite having the opportunity to attempt to stop said unlawful conduct; and

(f) Knowingly acquiescing in and/or failing to intervene in the unreasonable use of force upon Mr. Walsh, despite having the opportunity to attempt to stop said unlawful conduct.

41.  As a direct and proximate result of the aforesaid acts of Defendant Officer Patel, Mr. Walsh has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 36, *supra*.

**SECOND CLAIM FOR RELIEF**
**JOHN J. WALSH, JR. v. ROBERT WINKEL**

42.  Mr. Walsh incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

43.  Defendant Officer Winkel, acting as aforesaid, deprived Mr. Walsh of his right to be secure in his home and person from an unlawful search and seizure and his right to be secure in his person from an unreasonable use of force, and thus violated Mr. Walsh's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

44.  Specifically, Defendant Officer Winkel engaged in the following unlawful conduct:

(a) Initiating, engaging in, and/or acquiescing in a warrantless and unlawful entry into Mr. Walsh's home, in violation of clearly-established law and in the absence of extraordinary circumstances;

(b) Seizing and arresting Mr. Walsh in the absence of probable cause, in violation of clearly-established law;

10

(c) Seizing and arresting Mr. Walsh in a negligent, forceful, reckless, willful, and wanton manner, in violation of clearly-established law;

(d) Using unreasonable force upon Mr. Walsh;

(e) Knowingly acquiescing in and/or failing to intervene in the unlawful seizing and arrest of Mr. Walsh, despite having the opportunity to attempt to stop said unlawful conduct; and

(f) Knowingly acquiescing in and/or failing to intervene in the unreasonable use of force upon Mr. Walsh, despite having the opportunity to attempt to stop said unlawful conduct.

45.   As a direct and proximate result of the aforesaid acts of Defendant Officer Winkel, Mr. Walsh has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 36, *supra*.

### THIRD CLAIM FOR RELIEF
### JOHN J. WALSH, JR. v. OFFICER LUPINETTI (BADGE 228)

46.   Mr. Walsh incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

47.   Defendant Officer Lupinetti, acting as aforesaid, deprived Mr. Walsh of his right to be secure in his home and person from an unlawful search and seizure and his right to be secure in his person from an unreasonable use of force, and thus violated Mr. Walsh's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

48.   Specifically, Defendant Officer Lupinetti engaged in the following unlawful conduct:

11

(a) Initiating, engaging in, and/or acquiescing in a warrantless and unlawful entry into Mr. Walsh's home, in violation of clearly-established law and in the absence of extraordinary circumstances;

(b) Seizing and arresting Mr. Walsh in the absence of probable cause, in violation of clearly-established law;

(c) Seizing and arresting Mr. Walsh in a negligent, forceful, reckless, willful, and wanton manner, in violation of clearly-established law;

(d) Using unreasonable force upon Mr. Walsh;

(e) Knowingly acquiescing in and/or failing to intervene in the unlawful seizing and arrest of Mr. Walsh, despite having the opportunity to attempt to stop said unlawful conduct; and

(f) Knowingly acquiescing in and/or failing to intervene in the unreasonable use of force upon Mr. Walsh, despite having the opportunity to attempt to stop said unlawful conduct.

49.  As a direct and proximate result of the aforesaid acts of Defendant Officer Lupinetti, Mr. Walsh has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 36, *supra*.

## FOURTH CLAIM FOR RELIEF
## JOHN J. WALSH, JR. v. BRIAN J. ZECK

50.  Mr. Walsh incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

51.  Defendant Chief Zeck deprived Mr. Walsh of his right to be secure in his home and person from an unlawful search and seizure and his right to be secure in his person from an

unreasonable use of force, and thus violated Mr. Walsh's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

52.  Specifically, Defendant Chief Zeck engaged in the following unlawful conduct:

(a) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline police officers under his supervision and/or command in the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, and Officer Lupinetti, so as to prevent them from unlawfully depriving citizens such as Mr. Walsh of their Fourth Amendment rights to not be subjected to unlawful searches and seizures or unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(b) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline dispatchers, officers, and personnel under his supervision and/or command in the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, and Officer Lupinetti, with regard to the foreseeably recurring situation of police officers being dispatched and responding to a citizen's 911 call for medical assistance only, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(c) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline dispatchers, officers, and personnel

13

under his supervision and/or command in the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, and Officer Lupinetti, with regard to the foreseeably recurring situation of police officers being dispatched and responding to a citizen's 911 call for medical assistance only, where the request for assistance is quickly cancelled, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(d) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline dispatchers, officers, and personnel under his supervision and/or command in the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, and Officer Lupinetti, with regard to recognizing signs and symptoms of a concussion or closed head injury, interacting with citizens who may have sustained a concussion or closed head injury, and/or interacting with citizens who may be exhibiting signs and symptoms of a concussion or closed head injury, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(e) With knowledge of and deliberate indifference to the risks involved, establishing, enforcing, continuing in effect, and/or knowingly acquiescing to policies, procedures, directives, practices, and customs for dispatchers, officers, and personnel under his supervision and/or command in the Mullica Township Police Department that created a substantial likelihood that officers, acting under color of state law, would subject citizens such as Mr. Walsh to deprivations of their Fourth Amendment rights to

14

not be subjected to unlawful searches and seizures or unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(f) With knowledge of and deliberate indifference to the risks involved, failing to establish appropriate or adequate policies, procedures, directives, practices, and/or customs for dispatchers, officers, and personnel under his supervision and/or command in the Mullica Township Police Department regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that officers in the Police Department, acting under color of state law, would subject citizens such as Mr. Walsh to deprivations of their Fourth Amendment rights to not be subjected to unlawful searches and seizures or unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(g) With knowledge of and deliberate indifference to the risks involved, allowing policies, procedures, directives, practices, and customs to continue in force and effect in the Mullica Township Police Department regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that officers in the Police Department, acting under color of state law, would subject citizens such as Mr. Walsh to deprivations of their Fourth Amendment rights to not be subjected to unlawful searches and seizures or unreasonable uses of force under circumstances such as those presented herein, thereby

directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh; and

(h) With knowledge of and deliberate indifference to the risks involved, failing to properly and/or sufficiently formulate, institute, oversee, and/or supervise the training, supervision, and discipline of dispatchers, officers, and personnel working within the Mullica Township Police Department regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that officers in the Police Department, acting under color of state law, would subject citizens such as Mr. Walsh to deprivations of their Fourth Amendment rights to not be subjected to unlawful searches and seizures or unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh.

53.  As a direct and proximate result of the aforesaid acts of Defendant Chief Zeck, Mr. Walsh has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 36, *supra*.

**FIFTH CLAIM FOR RELIEF**
**JOHN J. WALSH, JR. v. TOWNSHIP OF MULLICA**

54.  Mr. Walsh incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

55.  At all times relevant and material hereto, Defendant Township of Mullica operated, administered, maintained, and controlled the Mullica Township Police Department.

56.  The aforesaid search, seizure, and use of force against Mr. Walsh were the direct and proximate result of Defendant Township of Mullica's failure to properly and/or sufficiently

develop, formulate, establish, institute, oversee, and/or supervise the training, supervision, and discipline of chiefs, dispatchers, officers, and personnel working in the Mullica Township Police Department with regard to responding to 911 calls, conducting searches and seizures, and using force under circumstances such as those presented herein.

57. The aforesaid search, seizure, and use of force against Mr. Walsh was the direct and proximate result of Defendant Township of Mullica's failure to properly and/or sufficiently develop, formulate, establish, issue, institute, maintain, review, and/or revise the policies, procedures, directives, practices, or customs for the Mullica Township Police Department and individuals working therein regarding law enforcement encounters such as the one set forth herein, especially with regard to the search, seizure, and use of force by police officers against (a) citizens for whom 911 medical assistance has been called, (b) citizens for whom a 911 medical assistance call has been quickly cancelled; (c) citizens who clearly request that police officers leave the citizens' home/premises, and (d) citizens who may have sustained a concussion or closed head injury and/or may be exhibiting signs and symptoms of a concussion or closed head injury.

58. In establishing and/or acquiescing to the aforesaid policies, procedures, directives, practices, and customs, Defendant Township of Mullica had a duty under the Fourth Amendment to the United States Constitution to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that citizens would be subjected to unreasonable or excessive uses of force and unlawful searches and seizures by the Mullica Township Police Department and the individuals working therein.

59.   Notwithstanding its aforesaid duty, Defendant Township of Mullica committed one or more of the following wrongful acts or omissions in violation of and with deliberate indifference to the rights of citizens such as Mr. Walsh:

(a) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline police officers in the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, and Officer Lupinetti, so as to prevent them from unlawfully depriving citizens such as Mr. Walsh of their Fourth Amendment rights to not be subjected to unlawful searches and seizures or unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(b) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline dispatchers, officers, and personnel in the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, and Officer Lupinetti, with regard to the foreseeably recurring situation of police officers being dispatched and responding to a citizen's 911 call for medical assistance only, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(c) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline dispatchers, officers, and personnel in the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, and Officer Lupinetti, with regard to the foreseeably

recurring situation of police officers being dispatched and responding to a citizen's 911 call for medical assistance only, where the request for assistance is quickly cancelled, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(d) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline dispatchers, officers, and personnel in the Mullica Township Police Department, including but not limited to Defendants Officer Patel, Officer Winkel, and Officer Lupinetti, with regard to recognizing signs and symptoms of a concussion or closed head injury, interacting with citizens who may have sustained a concussion or closed head injury, and/or interacting with citizens who may be exhibiting signs and symptoms of a concussion or closed head injury, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(e) With knowledge of and deliberate indifference to the risks involved, establishing, enforcing, continuing in effect, and/or knowingly acquiescing to policies, procedures, directives, practices, and customs for dispatchers, officers, and personnel in the Mullica Township Police Department that created a substantial likelihood that officers, acting under color of state law, would subject citizens such as Mr. Walsh to deprivations of their Fourth Amendment rights to not be subjected to unlawful searches and seizures or unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(f) With knowledge of and deliberate indifference to the risks involved, failing to establish appropriate or adequate policies, procedures, directives, practices, and/or customs for dispatchers, officers, and personnel in the Mullica Township Police Department regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that officers in the Police Department, acting under color of state law, would subject citizens such as Mr. Walsh to deprivations of their Fourth Amendment rights to not be subjected to unlawful searches and seizures or unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(g) With knowledge of and deliberate indifference to the risks involved, allowing policies, procedures, directives, practices, and customs to continue in force and effect in the Mullica Township Police Department regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that officers in the Police Department, acting under color of state law, would subject citizens such as Mr. Walsh to deprivations of their Fourth Amendment rights to not be subjected to unlawful searches and seizures or unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh; and

(h) With knowledge of and deliberate indifference to the risks involved, failing to properly and/or sufficiently formulate, institute, oversee, and/or supervise the training, supervision, and discipline of dispatchers, officers, and personnel working within the

Mullica Township Police Department regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that officers in the Police Department, acting under color of state law, would subject citizens such as Mr. Walsh to deprivations of their Fourth Amendment rights to not be subjected to unlawful searches and seizures or unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh.

60.   As a direct and proximate result of the aforesaid acts of Defendant Township of Mullica, Mr. Walsh has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 36, *supra*.

## <u>SIXTH CLAIM FOR RELIEF</u>
## JOHN J. WALSH, JR. v. TOWNSHIP OF GALLOWAY

61.   Mr. Walsh incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

62.   At all times relevant and material hereto, Defendant Township of Galloway operated, administered, maintained, and controlled the Galloway Township Police Department and its Communications Unit.

63.   The aforesaid search, seizure, and use of force against Mr. Walsh were the direct and proximate result of Defendant Township of Galloway's failure to properly and/or sufficiently develop, formulate, establish, institute, oversee, and/or supervise the training, supervision, and discipline of supervisors, officers, dispatchers, operators, public safety telecommunications, and personnel working in the Galloway Township Police Department and/or its Communications Unit with regard to handling 911 calls under circumstances such as those presented herein.

64.   The aforesaid search, seizure, and use of force against Mr. Walsh was the direct and proximate result of Defendant Township of Galloway's failure to properly and/or sufficiently develop, formulate, establish, issue, institute, maintain, review, and/or revise the policies, procedures, directives, practices, or customs for the Galloway Township Police Department and/or its Communications Unit and individuals working therein regarding law enforcement encounters such as the one set forth herein, especially with regard citizens for whom 911 medical assistance has been called and (b) citizens for a whom a 911 medical assistance call has been cancelled.

65.   In establishing and/or acquiescing to the aforesaid policies, procedures, directives, practices, and customs, Defendant Township of Galloway under the Fourth Amendment to the United States Constitution to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that citizens would be subjected to unlawful encounters with law enforcement personnel.

66.   Notwithstanding its aforesaid duty, Defendant Township of Galloway committed one or more of the following wrongful acts or omissions in violation of and with deliberate indifference to the rights of citizens such as Mr. Walsh:

(a) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline supervisors, officers, dispatchers, operators, public safety telecommunications, and personnel working in the Galloway Township Police Department and/or its Communications Unit so as to prevent them from unlawfully depriving citizens such as Mr. Walsh of their Fourth Amendment rights to not be subjected to unlawful encounters with law enforcement personnel under circumstances

such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(b) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline supervisors, officers, dispatchers, operators, public safety telecommunications, and personnel working in the Galloway Township Police Department and/or its Communications Unit with regard to the foreseeably recurring situation of police officers being dispatched and responding to a citizen's 911 call for medical assistance only, where the request for assistance is quickly cancelled, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(c) With knowledge of and deliberate indifference to the risks involved, establishing, enforcing, continuing in effect, and/or knowingly acquiescing to policies, procedures, directives, practices, and customs for supervisors, officers, dispatchers, operators, public safety telecommunications, and personnel working in the Galloway Township Police Department and/or its Communications Unit that created a substantial likelihood that citizens would be subjected to unlawful encounters with law enforcement personnel under circumstances such as those presented herein,, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(d) With knowledge of and deliberate indifference to the risks involved, failing to establish appropriate or adequate policies, procedures, directives, practices, and/or customs for supervisors, officers, dispatchers, operators, public safety

23

telecommunications, and personnel working in the Galloway Township Police Department and/or its Communications Unit that created a substantial likelihood that citizens would be subjected to unlawful encounters with law enforcement personnel under circumstances such as those presented herein,, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh;

(e) With knowledge of and deliberate indifference to the risks involved, allowing policies, procedures, directives, practices, and customs to continue in force and effect in the Galloway Township Police Department and/or its Communications Unit regarding citizens' Fourth Amendment rights against unlawful searches and seizures, and unreasonable uses of force, thus creating a substantial likelihood that citizens would be subjected to unlawful encounters with law enforcement personnel under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh; and

(f) With knowledge of and deliberate indifference to the risks involved, failing to properly and/or sufficiently formulate, institute, oversee, and/or supervise the training, supervision, and discipline of supervisors, officers, dispatchers, operators, public safety telecommunications, and personnel working in the Galloway Township Police Department and/or its Communications Unit regarding citizens' Fourth Amendment rights against unlawful searches and seizures, and unreasonable uses of force, thus creating a substantial likelihood that that citizens would be subjected to unlawful

24

encounters with law enforcement personnel under circumstances such as those presented herein, thereby directly and proximately causing the unlawful search and seizure of Mr. Walsh and the unreasonable use of force against Mr. Walsh.

67.   As a direct and proximate result of the aforesaid acts of Defendant Township of Galloway, Mr. Walsh has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 36, *supra*.

## SEVENTH CLAIM FOR RELIEF
### STATE LAW CLAIMS

68.   Mr. Walsh incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

69.   Defendants' aforesaid acts and omissions constitute negligence, assault and battery, negligent and intentional infliction of emotional distress, and/or willful misconduct under the laws of the State of New Jersey, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

70.   Pursuant to N.J.S. 59:2-2 and 59:2-10, Defendant Township of Mullica is vicariously liable for the aforesaid acts and omissions of Defendants Officer Patel, Officer Winkel, Officer Lupinetti, and Chief Zeck.

71.   Pursuant to N.J.S. 59:2-2 and 59:2-10, Defendant Township of Galloway is vicariously liable for the aforesaid acts and omissions of individuals working as supervisors, officers, dispatchers, and public safety telecommunicators in the Communications Unit of the Galloway Township Police Department.

72.   Mr. Walsh submitted timely written notices of claim as required by the New Jersey Tort Claims Act, N.J.S. 59:8-3, *et seq.*

## <u>REQUEST FOR RELIEF AND JURY DEMAND</u>

In light of the foregoing, Plaintiff requests the following relief:

(a)    This court's declaration that Defendants' acts and omissions violated Plaintiff's constitutional and statutory rights;

(b)    Compensatory damages as to each and every Defendant;

(c)    Punitive damages as to Defendants Officer Patel, Officer Winkel, Officer Lupinetti, and Chief Zeck;

(d)    Reasonable attorney fees and costs; and

(e)    Such other and further relief as appears reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief.

DATE: June 1, 2022

s/ Richard M. Wiener, Esq.
Richard M. Wiener, Esq.
NJ Attorney I.D. No. 016241990
Law Offices of Richard M. Wiener, LLC
161 Washington Street, Suite 400
Conshohocken, PA 19428
Ph: (610) 832-8050
Fx: (610) 487-0300
Email: rwiener@wienerlegal.com
*Attorney for Plaintiff*